IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAYMOND E. BLAKE,                    :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :   Civ. Action No. 07-125-JJF
                                     :
RUTH ANN MINNER, CARL C.             :
DANBERG, JAMES M. BAKER,             :
DAVID PRADO, SHAWN MARGYNIAK,        :
and MICHAEL SZCZERBA,                :
                                     :
          Defendants.                :

_____

Raymond E. Blake, <u>Pro</u> <u>se</u> Plaintiff, Howard R. Young Correctional
Institution.

_____

**<u>MEMORANDUM OPINION</u>**

May *1* , 2007
Wilmington, Delaware

Farnan, District Judge

Plaintiff Raymond E. Blake ("Blake"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action on February 28, 2007, pursuant to 42 U.S.C. §§ 1981, 1983(b), and 1985(c). Plaintiff appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.) On March 22, 2007, Plaintiff filed an Amendment to his Complaint and added two Defendants, Deputy Attorney General Shawn Margyniak ("Margyniak") and Wilmington Chief of Police Michael J. Szczerba ("Szczerba"). (D.I. 7.) The Clerk of the Court is **DIRECTED** to add the new Defendants to the Court Docket.

For the reasons discussed below, the Court will dismiss without prejudice the claims against Governor Ruth Ann Minner ("Governor Minner"), former Attorney General Carl C. Danberg ("Danberg"), and Wilmington Mayor James M. Baker ("Mayor Baker"), as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will also dismiss without prejudice the Drug Mugs conspiracy claims against Margyniak and Szczerba, as well as the 42 U.S.C. § 1985 and § 1986 claims against Margyniak. Plaintiff may proceed with the remaining claims against Margyniak, Szczerba, and police officer David Prado.

I.  **THE COMPLAINT**

Plaintiff alleges that on June 24, 2006, police officer

-1-

David Prado ("Prado") conducted a raid in Wilmington, Delaware, which targeted African American males. Plaintiff alleges that Chief of Police Michael J. Szczerba ("Szczerba") allowed Prado to perform the raid. (D.I. 2, ¶ 10.) Plaintiff alleges he was illegally searched by Prado, assaulted, and illegally arrested. (D.I. 2 at 3.) Plaintiff alleges that Prado "forcefully dug his hands in [P]laintiff's left and right pocket(s) retrieving drug and drug paraphernalia" along with U.S. currency. (D.I. 2, ¶ 17.) The Complaint alleges that the criminal case was dismissed based upon an unwarranted search "fruit of poisonous tree." (D.I. 2, ¶ 22.)

Plaintiff alleges that his photo was placed on the "Drug/Mug" internet[1] when he was falsely arrested. (D.I. 2 at 3.) He alleges that Mayor Baker and Governor Minner knowingly and willingly allowed this, thus "slandering [P]laintiff's name and fame and defaming [P]laintiff's character" without Plaintiff ever being convicted of a crime. (D.I. 2 ¶ 19, 20.) Plaintiff also alleges his placement there was supported by Governor Minner, Danberg, Mayor Baker, Szczerba, and Margyniak, even though he was falsely arrested, and that the foregoing Defendants conspired to violate Plaintiff's constitutional rights. (D.I. 2 at 3.)

---

[1]The Drug Mugs program publishes information and identification of persons arrested for purchasing and/or selling illegal drugs within the City of Wilmington. http://www.ci .wilmington.de.us/police.

Plaintiff alleges Governor Minner violated his constitutional rights by not putting into place "preventive policy measures for the rampant misconduct in [] New Castle County" and the targeting of African Americans, all in violation of 42 U.S.C. § 1981 (equal rights).  (D.I. 2 ¶ 23.)  He alleges that Danberg and Mayor Baker conspired, in violation of 42 U.S.C. § 1985, to place non-convicted persons on the internet Drug Mugs site.  (D.I. 2 ¶ 24.)  Plaintiff alleges that Prado and Szczerba collaborated to racially profile and target African Americans and minorities in the inner city of Wilmington.  (D.I. 2 ¶ 25.)  He also alleges Prado and Szczerba violated his rights under the Fourth Amendment.  Id.  Finally, Plaintiff alleges that Margyniak violated his constitutional rights by allowing him to be indicted under false pretenses and that she also violated of 42 U.S.C. §§ 1985 and 1986.  (D.I. 2 ¶ 26.)  Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon

-3-

which relief may be granted, or seeks monetary relief from a
defendant immune from such relief.

Pro se complaints are liberally construed in favor of the
plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The
Court must "accept as true factual allegations in the complaint
and all reasonable inferences that can be drawn therefrom." Nami
v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of
Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is
frivolous if it "lacks an arguable basis either in law or in
fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the
claims "are of little or no weight, value, or importance, not
worthy of serious consideration, or trivial." Deutsch v. United
States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro
se complaint can only be dismissed for failure to state a claim
when "it appears 'beyond doubt that the plaintiff can prove no
set of facts in support of his claim which would entitle him to
relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting
Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A. Slander/Defamation

Plaintiff alleges he was slandered and defamed by Mayor
Baker and Governor Minner when his photo was placed on the
Wilmington Drug Mugs internet site. He alleges that Defendants
Governor Minner, Danberg, Mayor Baker, Szczerba, and Margyniak

-4-

conspired to violate his constitutional rights by allowing the placement on the Drug Mugs site even though he was falsely arrested. Finally, Plaintiff alleges that Danberg and Mayor Baker conspired, in violation of 42 U.S.C. § 1985, to place non-convicted persons on the internet Drug Mugs site. (D.I. 2 ¶ 24.)

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "Concern over the purchase [and] sale of narcotics" prompted the Wilmington City Council to pass an ordinance that authorizes the publication of information and identification of persons arrested for purchasing and/or selling illegal drugs within the City of Wilmington. http://www.ci.wilmington.de.us/police. The web site contains a disclaimer that "the individuals pictured have been arrested but not convicted at the time of [the] posting." Id.

Engaging in slander and defamation is not violative of the U.S. Constitution. Tort claims, such as defamation of character and slander, are not properly included in a civil rights action under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 332 (1986) (quoting Paul v. Davis, 424 U.S. 693, 701 (1976)) ("We have previously rejected reasoning that 'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States.'")

See also Hernandez v. Hunt, Civ.A. No. 89-4448, 1989 WL 66634
(E.D. Pa. Jun 16, 1989).

Moreover, a claim of defamation requires: 1) a false and
defamatory communication concerning Plaintiff; 2) publication of
the communication to third parties; 3) understanding of the
defamatory nature of the communication by the third party; 4)
fault on the part of the publisher; and 5) injury to Plaintiff.
Bickling v. Kent Gen. Hosp., 872 F.Supp. 1299, 1307 (D. Del.
1994). Slander is spoken defamation. Pierce v. Burns, 185 A.2d
477, 479 (Del. 1962). It seems that Plaintiff confuses his
allegation of a "false arrest" with a false statement or false
publication.

As noted, the Complaint fails to allege a constitutional
violation for slander and defamation. It also fails to state a
claim for defamation or slander. The Complaint alleges Plaintiff
was arrested for a drug charge, a true fact at the time his image
appeared on the Drug Mug site. The dismissal of the charges at a
later time do not obviate the fact that Plaintiff was arrested on
a drug charge, and thus allowed the publication of Plaintiff's
photograph in accordance with the Wilmington Ordinance. Because
there was no falsity of statement, Plaintiff's claims for
defamation and slander fail. Therefore, the Court will dismiss
the claims for failure to state a claim upon which relief may
granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

-6-

Plaintiff's Drug Mugs conspiracy claims also fail.  In order
to state a conspiracy claim, there must be evidence of (1) an
actual violation of a right protected under § 1983 and (2)
actions taken in concert by defendants with the specific intent
to violate that right.  Williams v. Fedor, 69 F.Supp.2d 649, 665-
66 (M.D. Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000) (citing Kerr
v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)).  Plaintiff's
defamation and slander claims do not rise to the level of a
constitutional violation.  He has, therefore, failed to meet the
most basic of element of a constitutional conspiracy, that being
a constitutional violation.  Therefore, the Court will dismiss
without prejudice the Drug Mugs conspiracy claims against
Governor Minner, Danberg, Mayor Baker, Szczerba, and Margyniak
for failure to state a claim upon which relief may be granted
pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).
Plaintiff's remaining conspiracy claim will be discussed below.

**B.  42 U.S.C. § 1981**

Plaintiff alleges Governor Minner violated 42 U.S.C. § 1981
by not implementing preventive policy measures for the rampant
misconduct in New Castle County that target African Americans.
Section § 1981(a) states that (a) [a]ll persons within the
jurisdiction of the United States shall have the same right in
every State and Territory to make and enforce contracts, to sue,
be parties, give evidence, and to the full and equal benefit of

-7-

all laws and proceedings for the security of persons and property
as is enjoyed by white citizens, and shall be subject to like
punishment, pains, penalties, taxes, licenses, and exactions of
every kind, and to no other.  42 U.S.C. § 1981(a).  To state a
claim under section 1981, Plaintiff "must allege facts in support
of the following elements: (1) [that plaintiff] is a member of a
racial minority; (2) intent to discriminate on the basis of race
by the defendant; and (3) discrimination concerning one or more
of the activities enumerated in the statute[,] which includes the
right to make and enforce contracts...." Brown v. Phillip Morris,
Inc., 250 F.3d 789, 797 (3d Cir. 2001) (citation omitted).

　　　Plaintiff's § 1981 claims fails to state a claim upon which
relief may be granted.  Absent from the Complaint are any
allegations regarding the one or more activities enumerated in
the statute.  Indeed, Plaintiff merely refers to the language of
the statute itself.  Therefore, the Court concludes that
Plaintiff has failed to state a claim for the violation of 42
U.S.C. § 1981 and will dismiss the claim.

　　　**C.  Respondeat Superior**

　　　Plaintiff appears to sue Defendants Governor Minner,
Danberg, and Mayor Baker based upon their supervisory positions.
As is well established, supervisory liability cannot be imposed
under § 1983 on a respondeat superior theory.  See Monell v.
Department of Social Services, 436 U.S. 658 (1978); Rizzo v.

-8-

Goode, 423 U.S. 362 (1976).  "'A[n individual government]
defendant in a civil rights action must have personal involvement
in the alleged wrongdoing; liability cannot be predicated solely
on the operation of respondeat superior.'"  Evancho v. Fisher,
423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete,
845 F.2d 1195, 1207 (3d Cir. 1988).  Supervisory liability may
attach if the supervisor implemented deficient policies and was
deliberately indifferent to the resulting risk or the super-
visor's actions and inactions were "the moving force" behind the
harm suffered by the plaintiff.  Sample v. Diecks, 885 F.2d 1099,
1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489
U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for
Women, No. 04-1786, 128 Fed. Appx. 240 (3d Cir. 2005).

        There is nothing in the Complaint to indicate that
Defendants Governor Minner, Danberg, or Mayor Baker were the
"driving force [behind]" any alleged constitutional deprivation
as alleged by Plaintiff.  As a result, the Court will dismiss the
claims against the foregoing Defendants as frivolous pursuant to
28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as they lack an
arguable basis in law or in fact.

        **D.  Conspiracy**

        Plaintiff alleges Margyniak violated 42 U.S.C. § 1985 and
1986 by conspiring to violated his constitutional rights.  (D.I.
2 ¶ 26.)  To state a claim under 42 U.S.C. § 1985(3), a plaintiff

must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.  See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

The Complaint does not adequately allege that Margyniak engaged in a conspiracy.  Indeed, the Complaint does not name any of her alleged co-conspirators or facts from which one could infer an agreement or understanding with other individuals to discriminate against Plaintiff.  Plaintiff fails to state a cause of action for conspiracy under § 1985 and therefore, the Court will dismiss the conspiracy claim against Margyniak.

Plaintiff also alleges that Margyniak violated his rights under 42 U.S.C. § 1986.  A cognizable 42 U.S.C. 1985 claim is a prerequisite to stating a claim under § 1986.  Robison v. Canterbury Vill., Inc., 848 F.2d 424, 431 n.10 (3d Cir.1988); Brawer v. Horowitz, 535 F.2d 830, 841 (3d Cir. 1976).  Because Plaintiff did not properly plead a § 1985 violation against Margyniak, the Court will also dismiss the § 1986 claim filed against her.

IV.    **CONCLUSION**

For the reasons discussed above, the Court will dismiss without prejudice the claims against Governor Ruth Ann Minner, former Attorney General Carl C. Danberg, and Wilmington Mayor James M. Baker, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  The Court will also dismiss without prejudice the Drug Mugs conspiracy claims against Shawn Margyniak and Michel J. Szczerba as well as the 42 U.S.C. § 1985 and § 1986 claims against Margyniak.  Plaintiff may proceed with the remaining claims against Margyniak, Szczerba, and police officer David Prado.  An appropriate Order will be entered.