IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAYMOND E. BLAKE
    PLAINTIFF

vs.

RUTH ANN MINNER
CARL C. DANBERG
SHAWN MARGYNIAK
JAMES M. BAKER
MICHAEL J. SZCZERBA
DAVID PRADO
    DEFENDANT(S)

CIVIL ACTION
(CIVIL RIGHTS COMPLAINT)

No. 1:07-CV-00125-JJF



FILED
MAY 30 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

## AMENDED CIVIL RIGHTS COMPLAINT

### I. JURISDICTION

1. This is a civil action authorized by 42 U.S.C. §1981(a), §1983(b), §1985(c), and (D) §1986, to address the deprivation of rights secured by the constitution of the United States. The court has jurisdiction under 28 U.S.C. §1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and 2202.

### II. PLAINTIFF

2. Plaintiff, RAYMOND E. BLAKE was a resident of 26 Winchester, Rd. Apt. J. Newark, DE. 19713 and presently resides at (HRYCI) Howard R. Young Correctional Institution POST OFFICE BOX 9561

WILMINGTON, DELAWARE 19809.

## III. DEFENDANT

3. Defendant, Ruth Ann Minner, Governor, in official capacity as Governor of State of Delaware and all said-above branches of authority, is legally responsible for the management and supervision of the overall operations for each Department.

4. Defendant, Carl C. Danberg, Attorney General, in official capacity as Attorney General of the State of Delaware and all said-above branches under his authority, is legally responsible for the management and supervision of the overall operation(s) for each Department.

5. Defendant, Shawn Margyniak, Deputy Attorney General, in official capacity as Deputy Attorney General for the New Castle county and all said above branches under his authority, is legally responsible for the Malicious Prosecution of the overall operation(s) for each Department.

6. Defendant, James M. Baker, Mayor, in official capacity as Mayor for the Wilmington, Delaware and all-said-above branches under his authority, is legally responsible for the management and supervision of the overall operation(s) for each Department.

7. Defendant, Michael J. Szczerba, Police Chief, in official capacity as Police Chief for the Wilmington Police Department and all said-above officer(s) under his authority, is legally responsible for the management and supervision of the overall operation(s) for each officer.

8. Defendant, David Prado, Police officer, individually and official capacity as a police officer for the Wilmington Police Department, is legally responsible for the protection of citizens.

## IV. FACTS

9. On June 24th 2006 at approximately 8:30 p.m., Defendant, David Prado performed an illegal search of Plaintiff's person(s) and an unwarranted search of Plaintiff's mother vehicle.

10. Defendant, Chief of Police, Michael J. Szczerba allowed Defendant, Wilmington Police officer Prado, to perform this unprofessional, unwarranted, no surveillance or monitor set up raid.

11. Defendant, Mayor of Wilmington, Delaware; James M. Baker allowed Police chief and officers to maliciously attack, apprehend, detain and or arrest Minorities; in

their many assignments and by not overseeing their strategies and formulated plans on apprehending suspects.

12. Defendant, Ruth Ann Minner, Governor of the state of Delaware allowed James M. Baker, Carl C. Danberg, Shawn Marguniak, Michael J. Szczerba, and David Prado to violate plaintiff's fourth and fourteenth amendment and constitutional rights by not establishing or putting in place preventive policies that would protect minorities rights and stop brutal & malicious police officers detainment of the minorities. And she's at fault for not establishing preventive policies that would govern malicious prosecution and tainted and/or abortion of legalities.

13. Defendant, Wilmington Police officer, David Prado targeted the twenty-four hundred (2400) block of N. Tatnall street for unknown reason(s). Twenty four hundred (2400) block is dominately made up of African American Nationality.

14. Defendant, Wilmington Police officer, David Prado forced his way into plaintiff's mother white lincoln Town car where Plaintiff and two (2) female occupants were stationary.

15. Defendant, Wilmington Police officer, David Prado opened up the car door and demanded that plaintiff

keys on key chain slung around plaintiff's neck "GET OUT OF THE CAR!" Defendant David Prado had no probable cause for detention or arrest. There was no reasonable suspicion to lead to his acts.

16. Defendant, Wilmington Police officer, David Prado grabbed Plaintiff by left arm and pulled him out of above-said position squeezing intensely at Plaintiff's left arm. When Plaintiff asked him what he was doing he told the plaintiff to shut the fuck up, because he looks like a drug dealer; when Plaintiff asked him what does a drug dealer look like? Officer Prado responded with "All of you Black Mother Fuck-ers look the same!"

17. Defendant, Wilmington Police officer, David Prado aggressively forced Plaintiff up against plaintiff's mother vehicle and performed illegal search and seizure of plaintiff's person(s).

18. Defendant, Wilmington Police officer, David Prado forcefully dug his hands into Plaintiff's back pockets retrieving wallet with undisclosed amount of money which came up missing, and was never mentioned in Plaintiff's police report.

19. Defendant, Wilmington Police officer, David Prado

right pants pocket(s) retrieving drug and drug paraphernalia which he never viewed plaintiff 'sell' or purchase or consumers usage, also confiscated was Four hundred and forty one dollars ($441.00) U.S.C.

20. Defendant, Wilmington Police officer, David Prado Robbed Plaintiff of wallet monies, and physically & verbally assaulted and or insulted Plaintiff; Maliciously detained, Arrested and Falsely Imprisoned Plaintiff.

21. Defendant, Mayor of New castle county, James M. Baker willingly and knowingly allowed Plaintiff to be placed on Drug mug causing slander to Plaintiff's name by neighbors, co-workers, supervisors, family and ex-friends and or other associates, and Defaming Plaintiff's character. which in return caused Plaintiff to be fired from his place of employment, loss of income, Post-Traumatic stress indurance etc..

22. Defendant, Ruth Ann Minner, James M. Baker, Michael J. Szczerba, and Carl C. Danberg are all in collaboration of conspiring to violate plaintiff's constitutional rights directly or indirectly. by not formulating or establishing preventive policies that would deter prosecutorial misconduct as well as malicious prosecution and or malicious apprehension of minorities in the inner city.

23. Defendant, Governor of Delaware, Ruth Ann Minner willingly and knowingly allowed Plaintiff to be placed on Drug Mug, Internet without Plaintiff ever being convicted of a crime and without proof that plaintiff had purchased; intended to sell and or consume any drugs which is illegal. She also is at fault for not establishing courses that would educate police officers with dealing appropriately with African Americans in the inner city.

24. Defendant, Attorney General for State of Delaware, Carl C. Danberg willingly and knowingly conspired with Shawn Marguniak, Michael J. Szczerba, David Prado and James M. Baker in violating Plaintiff's constitutional rights aswell as civil by allowing Plaintiff to be maliciously imprisoned. And he is in direct violation by allowing plaintiff to be indicted under false pretense.

25. Defendant(s) Ruth Ann Minner, Carl C. Danberg, Shawn Marguniak, James M. Baker, Michael J. Szczerba, and David Prado are all in violation of §1986 Action for neglect to prevent, because none of the individuals put in place preventive policies or addressed the wrong doings of each supervisoral or management department where the wrongs were being done. Failure to confront the wrong doings caused the consequential

suffering on the African American Plaintiff which in returned injured him.

26. Plaintiff's claims were unable to be proven until the recent dismissal of entire case as well as materials by the superior court of Newcastle county. Plaintiff's case was dismissed on grounds of unwarranted search and seizure; Fruit of poisonous Tree. On the night of June 24th 2006 Defendant David Prado of Wilmington Police Department violated Plaintiff's civil and constitutional Rights, because of ~~poor~~ supervision and a nonchalant attitude taking on by his Managers whom are Ruth Ann Minner, James M. Baker, Michael J. Szczerba. And due to A lack of comittment to job detail from his supervisors and their management departments, plaintiff suffered inappropiate treatment and or professional misconduct from the racist officer.

## V. LEGAL CLAIMS

27. Defendants Ruth Ann Minner, Carl C. Danberg, James M. Baker, Michael J. Szczerba are liable for reckless disregard and delibered indifferences for civilians right to be free from illegal searches and seizures by Police officers, by not putting in place preventive policy measures for the rampant misconduct in Newcastle county, Targeting Afro-Americans violating 42 U.S.C. §1981 Equal rights under the law. Plaintiff

is A minority who has been Maliciously apprehended, detained, and imprisoned due to a lack of preventive policy protecting Minorities against the beastism of european officers who target minorities in place them in a category of all being Criminals. This lack of policy played A major role in Plaintiff's consequental suffering.

28. Defendant Carl C. Danberg, Attorney General For the State of Delaware is in direct or indirect violation(s) for willingly and or knowingly conspiring with James M. Baker, Ruth Ann Minner, Michael J. Szczerba, David Prado and Shawn Margyniak in violating Plaintiff's Fourth and Forteenth Amendments aswell as his Constitutional rights by allowing the Plaintiff to be placed on drug Mug, Internet, and Malicious imprisonment aswell as Malicious Prosecution. By not confronting the wrongdoings in each department and by not adhering to job duties in the supervision of employee Shawn Margyniak., who Knowingly and willfully conspired with Chief of Police Michael Szczerba, David Prado in the Malicious prosecution and False indictment of plaintiff. All defendants are in direct violation of §1985 aswell as §1986 under 42 U.S.C. 8 and are not protected under 11th Amendment, Immunity only shield Prosecutors when in courtrooms not concerning AG office as far as Policy, Customs and procedures., Management and supervision over employees. §1986 Action for neglect to prevent., Every person who having knowledge that any of the

wrongs conspired to be done, and mentioned in section 1985 of this title, or are about to be committed and having power to prevent or aid in the preventing commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured. Where the party being the plaintiff was injured due to the lack of professionalism, preventive policies, lack of police education in dealing with minorities, lack of supervision and poor management in each department etc... all played a major role in which the plaintiff suffers the "Ramifications" of the original acts. As a direct consequence of the Defendant's unconstitutional disclosure, and invasion of privacy, the injuries to plaintiff consist of, wrongful imprisonment, defamation of character (causing), mass infamous publicity, mental and physical duress, separation of family, loss of parental bonding and influence in the developmentally formative years of child-rearing, loss of income, loss of employment, loss of time and deprivation of society as well as post-traumatic stress.

29. Defendant(s) David Prado, Ruth Ann Minner, James M. Baker, Michael J. Szczerba, Carl C. Danberg and Shawn Margyniak are all in collaboration of racial profiling in conspiring to target African-American(s) and minorities in the inner city of Wilmington, Delaware. All Defendants part took in violating Plaintiff's

Fourth Amendment aswell as civil and other constitutional rights.

## VI. INJURY

30. Above-said and named Defendant(s) actions caused ongoing injury, which Plaintiff suffers the "Ramifications" of the original Acts. As a direct consequence of the Defendant's unconstitutional disclosure, and invasion of privacy, the injuries to Plaintiff consist of, wrongful imprisonment, causing slander and defamation of character, Mass infamous publicity, mental and physical duress, seperation of family, loss of parental bonding and influence in the developmentally formative years of child-rearing, loss of income, loss of time and deprivation of society as well as Post-Traumatic Stress.

31. False allegations against Plaintiff were dismissed, defeated and or terminated, therefore granting Plaintiff to proceed prose in civil suit since decision was favorable in Plaintiff's behalf. See: <u>Carpenter v. Nutter</u>, 127 Cal. 61, 59 P. 301; also <u>Heck v. Humphrey</u> cite as 114 S.Ct. 2364 (1994)

32. Under 42 U.S.C §1981(a) Plaintiff was violated, because he is a member of a racial minority group who defendants intended to discriminate against either directly or indirectly on the basis of his race and

minoritorial status in Wilmington, Delaware. Brown v. Phillip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001) (citation omitted)

33. Because the supervisor's implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions that caused "the moving force" behind the harm suffered by the plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. For Women, No. 04-1786, 128 Fed. Appx. 240 (3d Cir. 2005). They are "All" in direct or indirect conspiracy to violate plaintiff's constitutional and civil rights.

WHEREFORE, Plaintiff respectfully prays that this court enter judgement, granting Plaintiff:

(1) A declaratory judgement that the Defendants' acts, described herein, violated Plaintiff's rights under the United States Constitution.

(2) A preliminary and permanent injunction which:
(a) Prohibits the Defendants, their successors, agents, and employees, and all other persons in active concert and participation with them from harassing, threatening or retaliating in any way against Plaintiff, because he filed this action, or against any person, because they have submitted affidavits or testimony in

this case on behalf of the plaintiff.

(3) <u>Compensatory Damages</u> in the amount of FIVE MILLION DOLLARS ($5,000,000.00) From Defendant, Ruth Ann Minner, Governor, to be paid to Plaintiff for "Consequential suffering".

(4) <u>Punitive and compensatory Damages</u> in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), From the Defendant, David Prado, Wilmington Police Officer; to be paid to plaintiff for "consequential suffering".

(5) <u>Punitive damages</u> in the amount of FIVE MILLION DOLLARS, ($5,000,000.00), From the Defendant, James M. Baker, Mayor; to be paid to plaintiff for "Willfully conspiring" with above-said Defendants to violate plaintiff's civil and Constitutional Rights.

(6) <u>Punitive Damages</u> in the amount of FIVE Hunded THOUSAND DOLLARS, ($500,000.00), From Defendant, Carl C. Danberg, Attorney General; to be paid to plaintiff for "Willfully conspiring" with above-said Defendants to violate plaintiff's civil and Constitutional Rights.

(7) <u>Punitive Damages</u> in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), From the Defendant, Shawn Maravniaki, Deputy Attorney General, to be paid

to plaintiff for "willfully conspiring" with above-said Defendants to violate plaintiff's civil and Constitutional Rights.

(8) <u>Punitive Damages</u> in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), from the Defendant, Michael J. Szczerba, chief of Wilmington Police Department, to be paid for "Willfully Conspiring" with above-said Defendants to violate Plaintiff's Civil and Constitutional Rights.

(9) A jury trial on all issues triable by jury.

(10) Plaintiff's cost for this suit.

(11) Such other and further relief as this court deems just, proper and equitable.

RESPECTFULLY SUBMITTED,

Raymond E. Blake                                Date: 5/28/07

Raymond E. Blake SBI#377092
HRYCI
P.O. Box 9561
Wilmington, DE 19809

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAYMOND E. BLAKE
    PLAINTIFF
  vs.
RUTH ANN MINNER, Governor
CARL C. DANBERG, Attorney General
SHAWN MARGYNIAK, Deputy Attorney General
JAMES M. BAKER, MAYOR
MICHAEL J. SZCZERBA, POLICE CHIEF
DAVID PRADO, POLICE OFFICER
    DEFENDANT(S)

CIVIL ACTION
(CIVIL RIGHTS COMPLAINT)

NO. 1:07-CV-00125
    JJF

## VERIFICATION

I have read the foregoing Amended civil Rights complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify, under the penalty of perjury, that the foregoing is true and correct.

Executed at Wilmington, Delaware on 28th, 2007

/s/ Ray Blake
    Raymond E. Blake

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 28th DAY OF May, 2007

NOTARY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAYMOND E. BLAKE
    PLAINTIFF

VS.

RUTHANN MINNER, GOVERNOR
CARL C. DANBERG, ATTORNEY GENERAL
SHAWN MARGYNIAK, DEPUTY ATTORNEY GENERAL
JAMES M. BAKER, MAYOR
MICHAEL J. SZCZERBA, POLICE CHIEF
DAVID PRADO, POLICE OFFICER
    DEFENDANT(S)

CIVIL ACTION
(CIVIL RIGHTS COMPLAINT)
NO. 1:07-CV-00125-JJF

## CERTIFICATE OF SERVICE

I, Raymond E. Blake, Plaintiff, Pro-se, hereby certify that this document titled "AMENDED CIVIL RIGHTS COMPLAINT," was given to "Prison officials" on this 28th Day of May 2007, for the forwarding to the "original Document" to the above court and copies to the Defendants by certified mail-return receipt requested, via United States Postal service, First class Postage pre-paid. The names and addresses of the named below:

Ruth Ann Minner
Tatnall Building
150 William Penn Street
2nd Floor
Dover, DE. 19901

Carl C. Danberg
Attorney General's
Office Building
8th Floor
Carvel State Office Building
820 N. French Street

| | |
|---|---|
| James M. Baker<br>Louis L. Redding Building<br>800 N. French Street<br>Wilmington, DE. 19801 | David Prado<br>Wilmington Police Department<br>Public Service Building<br>4th & Walnut Street<br>Wilm, DE. 19801 |
| Shawn Margyniak<br>Attorney General's Office<br>8th Floor<br>Carvel State Office Building<br>820 N. French Street<br>Wilm, DE. 19801 | Michael J. Szczerba<br>Wilmington Police Department<br>Public Service Building<br>4th & Walnut Street<br>Wilmington, DE. 19801 |

I, Raymond E. Blake, Plaintiff, certify under the penalty of perjury, that the foregoing is true and correct. 28 U.S.C. § 1746.

RESPECTFULLY
SUBMITTED,
_Raymond E. Blake_
Raymond E. Blake
SBI #377092
H.R.Y.C.I
P.O. Box 9561
Wilm, DE. 19809

Raymond E. Blake
SBI# 357098
P.O. Box 9561


Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

