**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RAYMOND E. BLAKE, : | |
| : | |
| Plaintiff, : | |
| : | C.A. No. 07-125 JJF |
| v. : | TRIAL BY JURY DEMANDED |
| : | |
| DAVID PRADO, SHAWN MARGYNIAK, : | |
| and MICHAEL SZCZERBA, : | |
| : | |
| Defendants. : | |

**DEFENDANTS MICHAEL J. SZCZERBA AND DAVID PRADO'S**
**ANSWER TO THE AMENDED CIVIL RIGHTS COMPLAINT**

**I.   JURISDICTION**

    1.    This paragraph states a legal conclusion to which no response is required.

**II.   PLAINTIFF**

    2.    Defendants lack sufficient knowledge to admit or deny this paragraph.

**III.   DEFENDANT**

    3.    This paragraph is not directed to Answering Defendants.

    4.    Admitted that Defendant Michael J. Szczerba holds the official position of Chief of Police in the Wilmington Police Department.  Denied that Szczerba holds said position in an "unofficial capacity."  The remaining allegations contained in this paragraph state a legal conclusion to which no response is required.

    5.    Admitted that Defendant David Prado is a police officer in the Wilmington Police Department.  The remaining allegations contained in this paragraph state a legal conclusion to which no response is required.

IV.	**FACTS**

6.	Denied that the encounter between Plaintiff and Defendant Prado occurred on June 24, 2006 at 8:30 p.m. Upon information and belief, the encounter occurred on June 23, 2006 at approximately 10:00 p.m. Admitted that Plaintiff was in the driver's seat of a vehicle registered to his mother. The remaining allegation contained in this paragraph is denied.

7.	Denied.

8.	Denied.

9.	Denied.

10.	Admitted that Plaintiff and two (2) female passengers were in a white Lincoln Town car parked in the area of 24th and Tatnall Streets in the City of Wilmington. Admitted that the vehicle was registered to Plaintiff's mother. The remaining allegation contained in this paragraph is denied.

11.	Denied that Defendant Prado targeted the 2400 block of Tatnall Street for "unknown reasons." Defendants are without sufficient knowledge to admit or deny the remaining allegation.

12.	Admitted that Plaintiff was asked to step out of the vehicle for officer safety. The remaining allegations are denied. Further, this paragraph contains legal conclusions with regard to probable cause, reasonable suspicion, detention and arrest to which no response is required. To the extent that a response is required, the allegations are denied.

13.	Admitted that Defendant Prado held Plaintiff's arm while he was exiting the vehicle, but only with minimal force to prevent Plaintiff from fleeing. The remaining allegations contained in this paragraph are denied.

14.	Denied.

15.	Denied.

16. Admitted that Defendant Prado and his partner seized 60 small baggies of marijuana weighing 51.27 grams and 43 baggies of crack cocaine weighing 8.88 grams from Plaintiff's person. Admitted that Defendant Prado did not observe Plaintiff sell, purchase or consume the drugs. The remaining allegations are denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendants lack sufficient knowledge to admit or deny whether Plaintiff's picture appeared on Drug Mugs. The remaining allegations are denied.

21. Denied.

22. Denied.

23. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

## V.  LEGAL CLAIMS

24. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in this paragraph are denied.

25. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in this paragraph are denied.

26. Denied.

## VI.  INJURY

27. Denied.

28. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

29. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in this paragraph are denied.

30. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in this paragraph are denied.

## STANDARD OF REVIEW

## MEMORANDUM OF LAW

This entire section states a legal conclusion to which no response is required. To the extent that a response is required, any allegations contained in this section are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

31. Plaintiff fails to state a claim upon which relief can be granted under the Federal statutes cited by Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

32. The actions and conduct of Defendants did not rise to the level of a Constitutional violation and, therefore, Plaintiff did not suffer any infringement of his constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

33. The actions and conduct of Defendants were objectively reasonable under the circumstances which Defendants were aware, therefore, their actions did not violate Plaintiff's Constitutional rights.

### FOURTH AFFIRMATIVE DEFENSE

34. The actions and conduct of Defendants did not violate any clearly established Constitutional or Federal statutory rights of which Defendants reasonably should have been aware, and they are, therefore, entitled to qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE**

35. Defendant Szczerba cannot be held liable under the doctrine of respondeat superior.

**SIXTH AFFIRMATIVE DEFENSE**

36. The actions and conduct of Defendants were undertaken in the good faith performance of their official duties, without wantonness or malice, and were therefore privileged and immune. 10 Del. C. §4010 et seq.

**SEVENTH AFFIRMATIVE DEFENSE**

37. Plaintiff's damages, if any, are limited to 10 Del. C. §4013 et seq.

**EIGHTH AFFIRMATIVE DEFENSE**

38. To the extent that Plaintiff may have been injured, Defendants were not the proximate cause of any such injuries.

**NINTH AFFIRMATIVE DEFENSE**

39. Plaintiff's injuries, if any, were proximately caused by his own wrongful, wanton, willful, reckless, and/or negligent acts.

WHEREFORE, Defendants demand that Plaintiff's Amended Civil Rights Complaint be dismissed with prejudice, and all costs and attorney's fees be assessed against Plaintiff and awarded to Defendants.

/s/ Rosamaria Tassone
Rosamaria Tassone, Esquire (I.D. #3546)
First Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
Attorney for Defendants Michael J. Szczerba
and David Prado's

Dated: December 10, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND E. BLAKE,          :<br>                            :<br>    Plaintiff,            :<br>                            :           C.A. No. 07-125 JJF<br>v.                          :           TRIAL BY JURY DEMANDED<br>                            :<br>DAVID PRADO, SHAWN MARGYNIAK, :<br>and MICHAEL SZCZERBA,       :<br>                            :<br>    Defendants.             : | |

## CERTIFICATE OF SERVICE

I, Rosamaria Tassone, Esquire, hereby certify that on this 10th day of December, 2007, I electronically filed Defendants Michael J. Szczerba and David Prado's Answer to the Amended Civil Rights Complaint with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and that these documents are available for viewing and downloading from CM/ECF. A copy of this document was also served by U.S. Mail, postage pre-paid to the following individual:

Raymond E. Blake  
(SBI # 377092)  
Delaware Correctional Center  
1181 Paddock Road  
Smyrna, DE 19977

Raymond E. Blake  
1823 W. 4th Street  
Wilmington, DE 19805

   /s/ Rosamaria Tassone  
Rosamaria Tassone, Esquire (I.D. #3546)  
First Assistant City Solicitor  
City of Wilmington Law Department  
Louis L. Redding City/County Building  
800 N. French Street, 9th Floor  
Wilmington, DE 19801  
Attorney for Defendants Michael J. Szczerba  
and David Prado's